**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JIMMY ROEMER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2592-R** |
| | ) | |
| **KELLI DAVIS,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Jimmy Roemer, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). Doc. 1. United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned recommends that the Court dismiss the Petition without prejudice.

## I. Background

Petitioner has been convicted in the District Court of Osage County, Oklahoma, and sentenced to lengthy terms of incarceration.[1] In Grounds One, Two, and Four of his

[1] The undersigned takes judicial notice of the dockets for Case Nos. CF-2019-002 and CF-2023-143 in the District Court of Osage County, located at www.oscn.net. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting a court "may exercise [its] discretion to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

The undersigned also takes judicial notice of the Oklahoma Department of Corrections online inmate locator at https://okoffender.doc.ok.gov/, indicating Petitioner is currently incarcerated for the Osage County convictions. *See Triplet v. Franklin*, 365 F. App'x 86, 92 n.8 (10th Cir. 2010) (taking judicial notice of the ODOC's offender search website).

Petition, he appears to challenge his conviction and sentence on the basis that the State of Oklahoma lacked jurisdiction to prosecute him because he is a member of an Indian tribe. Doc. 1 at 6-8 (citing to *Deerleader v. Crow*, No. 20-CV-0172, 2021 WL 150014 (N.D. Okla. Jan. 15, 2021) and *Muscogee (Creek) Nation v. City of Henryetta*, 836 F. Supp. 3d 1148 (E.D. Okla. 2026), as well as referencing pre-Constitutional tribal rights). In Ground Three, he appears to challenge his conviction and sentence on other grounds based on "Federal Indian Law." Doc. 1 at 7. *See also* Doc. 1-1 at 1 (asserting he is an "unlawfully held Indian"); *id.* at 2 (perhaps attempting to assert he has Indian blood).

## II. <u>Screening</u>

The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") are applicable to habeas petitions brought under § 2241. Habeas Rule 1(b); *Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005). Habeas Rule 4 requires the Court to promptly conduct a preliminary review of habeas petitions. A petition should be dismissed "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*. (citation modified). Because Petitioner is proceeding pro se, the Court will "liberally construe his filings" but "will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## III. <u>Analysis</u>

A § 2241 petition is "generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement." *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). "Petitions under § 2241 are used to attack the execution of a sentence, in contrast to [28 U.S.C.] § 2254 habeas . . . proceedings, which are used to collaterally

attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (internal citation omitted). Here, Petitioner alleges no facts challenging the execution of his sentence.

Instead, Petitioner seeks to challenge his underlying conviction and sentence in a case he does not identify, but which the undersigned presumes is one of the convictions in the District Court of Osage County. *See generally* Doc. 1. As such, a petition under § 2254 "is the proper avenue for attacking the validity of [his] conviction and sentence." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008); *see also Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1213 (10th Cir. 2009) ("[A state prisoner's] § 2241 habeas petition can only challenge the execution of his sentence, not the validity of his conviction and the original sentence.").

Though the undersigned could liberally construe the Petition and recharacterize it as a petition brought under § 2254, he declines to do so. As an initial matter, before converting a claim to a § 2254 petition, a court should notify and warn a litigant of its intent to do so and allow the litigant to withdraw or amend the motion. *Davis v. Roberts*, 425 F.3d 830, 834-35 (10th Cir. 2005); *see also Serrano v. Pettigrew*, No. CIV-21-0651-F, 2021 WL 4785506, at *1 (W.D. Okla. Oct. 13, 2021) (declining to adopt a recommendation to convert a § 2241 petition to one under § 2254, as "the more appropriate course of action is to dismiss the § 2241 petition for lack of jurisdiction because it seeks relief unavailable under § 2241"). Additionally, Petitioner's claims lack merit as none of the sources on which he relies stands for the proposition that Oklahoma lacked jurisdiction to prosecute him or that his conviction and sentence were otherwise unlawful.

In sum, despite purporting to bring his claims under 28 U.S.C. § 2241, Petitioner attempts to challenge his conviction and sentence. Accordingly, a petition under § 2254 "is the proper avenue for attacking the validity of [his] conviction and sentence." *Yellowbear*, 525 F.3d at 924. Therefore, the Court should dismiss the Petition without prejudice for failure to state a § 2241 claim upon which relief can be granted. *See, e.g., Cozart v. Okla. State Reformatory*, No. CIV-26-183-J, 2026 WL 1091196, at *2 (W.D. Okla. Apr. 22, 2026) (recommending dismissal of a § 2241 petition for failure to present a cognizable § 2241 claim when the petitioner challenged his state court conviction on the grounds that there was a lack of jurisdiction under *McGirt*) (R&R), *adopted*, 2026 WL 1230220 (W.D. Okla. May 5, 2026).[2]

## IV. <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** the Petition, Doc. 1, without prejudice. Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than **October 15, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

[2] In *McGirt v. Oklahoma*, the Supreme Court held that "the federal government, not the State [of Oklahoma], may prosecute Indians for major crimes committed in Indian country." 591 U.S. 894, 932 (2020).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 24th day of September, 2026.

Chris M. Stephens
______________________________
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE